**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIE WESLEY CRANDALL,

　　Petitioner-Appellant,

v.

MICHAEL BOWERSOX; THE
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

　　Respondents-Appellees.

No. 99-3370

(D.C. No. 99-CV-3332-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

　　Petitioner Louie Wesley Crandall, proceeding pro se, appeals the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The district court allowed Petitioner's motion to proceed in forma pauperis on

---

[*]　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]　After examining the briefs and appellate record, the panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.

appeal but denied his application for a certificate of appealability under 28 U.S.C. § 2253(c)(2).  We deny Petitioner's application for a certificate of appealability as well, and dismiss Petitioner's appeal.

The facts of this case are set forth in Crandall v. Sumner County Dist. Attorney, No. 98-3317, 1999 WL 339698 (10th Cir. May 28, 1999) (unpublished). In that case, the district court denied Petitioner's first federal petition for a writ of habeas corpus for failure to exhaust.  Subsequently, Petitioner filed petitions for writs of mandamus and habeas corpus with the Kansas Supreme Court, which summarily denied the petitions.  On October 12, 1999, Petitioner filed a second federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The district court dismissed the petition without prejudice, finding that Petitioner has not yet exhausted state remedies as required by 28 U.S.C. § 2254(b)(1).  Crandall v. Bowersox, No. 99-3332-DES (D. Kan. Dec. 15, 1999) (unpublished order). The district court also denied Petitioner's application for a certificate of appealability.

We have thoroughly reviewed the record on appeal, Petitioner's brief, and the district court's orders.  We deny Petitioner's application for a certificate of appealability for substantially the reasons set forth in the district court's order of December 15, 1999.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.[1]

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[1] Petitioner has filed two documents entitled "Pleading" on January 27, 2000 and March 16, 2000, respectively. We construe each of these documents as a motion to file a supplemental brief. We grant both motions.